UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO GASPAR-PADILLA (4), ALONSO TAVAREZ-ALVAREZ (5), and MANUEL MADUENO-CAMACHO (6),<br><br>        Movants-Defendants,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent-Plaintiff. | Crim. Case No.: 10cr3510<br><br>**ORDER GRANTING MOTION TO STAY** |

On June 2, 2016, the above-named Defendants filed identical motions to vacate, set aside, or reduce their sentences pursuant to 28 U.S.C. § 2255. Defendants' motions challenge the legality of their respective convictions and sentences for violating 18 U.S.C. § 924(c)(1)(A)(ii).

In Johnson v. United States, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause definition of "violent felony", 18 U.S.C. § 924(e)(2)(B), within the Armed Career Criminal Act of 1984, was unconstitutionally vague. In Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015), the Ninth Circuit held that the reasoning of Johnson applied to the residual clause definition of "crime of violence" in 18 U.S.C. § 16(b) so as to render it void for vagueness. Defendants argue that

the reasoning of <u>Johnson</u> and <u>Dimaya</u> apply to the residual clause definition of "crime of violence" in § 924(c)(3)(B) and lead to the conclusion that the latter statute is likewise unconstitutionally vague.

The Government moved to stay consideration of Defendants' § 2255 motions.

After the Court took the parties' motions under submission, the United States Supreme Court granted certiorari in <u>Dimaya</u>. <u>See</u> <u>Sessions v. Dimaya</u>, No. 15-1498, 137 S. Ct. 31 (Sep. 29, 2016) (mem.). In reviewing the merits, the Court has determined that staying Defendants' petitions pending the Supreme Court's decision in <u>Dimaya</u> is the prudent course. A district court may, in the exercise of discretion, issue an order staying proceedings, including where doing so would promote judicial economy. <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1109 (9th Cir. 2005); <u>Yong v. I.N.S.</u>, 208 F.3d 1116, 1117-19 (9th Cir. 2000). Here, the residual clause of 18 U.S.C. § 16, the statute at issue in <u>Dimaya</u>, is identical to the residual clause of § 924(c)(3)(B), such that <u>Dimaya</u> effectively controls the outcome of Defendants' petitions. A stay will allow the Court to rule on this case with the benefit of the Supreme Court's decision, and it will also give the parties the opportunity to submit supplemental briefs addressing the significance of the Supreme Court's decision to this action. The Court has considered the potential harm to Defendants, <u>see</u> <u>Yong</u>, 208 F.3d at 1120-21, and views it as minimal, since the Supreme Court is expected to issue its ruling by the end of June 2017. The Court also notes that in other § 2255 cases challenging the constitutionality of residual-clause convictions, the Ninth Circuit has suggested that a "district court may wish to stay proceedings pending" the outcome of potentially controlling cases. <u>See, e.g.</u>, <u>Simpson v. United States</u>, 16-70442 & 16-71546 (9th Cir. June 1, 2016).

//

//

Accordingly, the Court hereby stays consideration of Defendants' § 2255 motions. The stay will lift automatically upon issuance of the Supreme Court's opinion in <u>Sessions v. Dimaya</u>, No. 15-1498. The parties may submit supplemental briefs regarding the effect of that opinion on this action within 14 days of its issuance.

IT IS SO ORDERED:

Dated: June 9, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court